UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. |
| | : | |
| $40,000.00 IN UNITED STATES CURRENCY, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| [CLAIMANT:  LOUIS BOISVERT] | : | June 16, 2020 |

<u>VERIFIED COMPLAINT OF FORFEITURE</u>

Now comes Plaintiff, United States of America, by and through its attorneys, John H. Durham, United States Attorney for the District of Connecticut, and David C. Nelson, Assistant United States Attorney, and respectfully states that:

1. This is a civil action <u>in</u> <u>rem</u> brought to enforce the provision of 21 U.S.C. § 881(a)(6), which provides for the forfeiture of proceeds traceable to the exchange of controlled substances in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 <u>et</u> <u>seq.</u>, and to enforce the provisions of 18 U.S.C. 981(a)(1)(A) for violations of 18 U.S.C. 1956 (money laundering).

2. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355.  Venue is appropriate in the District of Connecticut by virtue of 28 U.S.C. § 1395(b).

3. The Defendant is $40,000.00 in United States Currency ("Defendant Currency").

4. The Defendant Currency is located within the jurisdiction of this Court.

5. Louis Boisvert has submitted an administrative claim of ownership to the Defendant Currency.

## Background of Investigation

6. In November of 2019, law enforcement arrested Louis Boisvert ("Boisvert") while he was attempting to buy $9,000 worth of oxycodone from a law enforcement cooperating source ("CS"). Boisvert had provided $9,000 in United States Currency to the CS for the controlled purchase before Boisvert's arrest.

7. Following the undercover controlled purchase, law enforcement interviewed Boisvert and he told law enforcement that an individual named Clarence Gary Austin ("Austin") was familiar to him. Boisvert explained that Austin is an individual known to launder large amounts of United States Currency coming from Costa Rica into the United States. Boisvert also told law enforcement that Austin is involved with the trafficking of narcotics and has seen quantities of narcotics at Austin's residence.

8. Boisvert told law enforcement that he helped Austin launder currency that was bulk cash coming into the United States from Costa Rica. Boisvert informed law enforcement that he once helped Austin launder $200,000. Boisvert said he received the $200,000 in United States Currency from Austin. Boisvert then turned the money over to an individual named Rob Thomas. Thomas, in turn, converted the currency into four $50,000 checks that he returned to Boisvert, who transferred them to Austin. Boisvert said he was paid $10,000 for assisting in the money laundering.

9. On January 30, 2020, Boisvert was apprehended at TF Green Airport in Providence, Rhode Island with $100,000 on his person. Boisvert was attempting to fly from

Providence to Florida with the money.  Boisvert was unable to provide law enforcement with an explanation for the origin of the currency.  The $100,000 was seized by law enforcement.

10.     On January 31, 2020, Boisvert agreed to meet with law enforcement to discuss the currency seized from Providence the previous day.  During the interview, Boisvert told law enforcement that he had an additional $40,000 at his mother's residence in Greenville, Rhode Island.  Boisvert told law enforcement that he was willing to forfeit the $40,000 as he considered it a direct result of his money laundering activities.

11,     On this same day, Boisvert told law enforcement that he has no legitimate sources of income.

12.     The Defendant Currency represents proceeds traceable to the exchange of controlled substances in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq., and is, therefore, subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6), and to enforce the provisions of 18 U.S.C. 981(a)(1)(A) for violations of 18 U.S.C. 1956 (money laundering).

WHEREFORE, the United States of America prays that a Warrant of Arrest In Rem be issued for $40,000.00 in United States Currency; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the property to be condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY


*/s/ David C. Nelson*
DAVID C. NELSON
ASSISTAN U.S. ATTORNEY
157 CHURCH STREET, 25TH FLOOR
NEW HAVEN, CT  06510
(203) 821-3700
FEDERAL BAR # ct25640
David.C.Nelson@usdoj.gov

DECLARATION

I am a Special Agent for the Drug Enforcement Administration, and the agent assigned the responsibility for this case.

I have reviewed the contents of the foregoing Verified Complaint of Forfeiture and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 16th day of June, 2020.


    */s/ Dana Mofenson*
DANA MOFENSON
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION